# EXHIBIT B

CAUSE NO. 202156497

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No: 899051
TRACKING #: 73912204 EML

Plaintiff: WASHINGTON, LAKEISHA (INDIVIDUALLY AND NEXT FRIEND OF A W {MINOR} AND A W {MINOR})

In The 281st

Judicial District Court of
Harris County, Texas

vs.

Defendant: CARBONELL, ALAIN

Houston, Texas

## CITATION – NON RESIDENT

**THE STATE OF TEXAS**
**County of Harris**

To:   **CARBONELL, ALAIN**
      878 W 79TH ST
      HIALEAH FL 33014
      OR WHEREVER HE MAY BE FOUND

*[handwritten: 9/13/21  DA  4:25 PM  #1556]*

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on 9/2/2021, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on September 7, 2021, under my hand and seal of said court.

Issued at the request of:
PATIN, DAVID M. JR
15000 SURVEYOR BLVD.
ADDISON, TX 75001
972-918-3772, TEAM #13

Bar Number: 24076611

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: ADILIANI SOLIS

Tracking Number: 73912204 EML

**CAUSE NUMBER: 202156497**

PLAINTIFF: WASHINGTON, LAKEISHA (INDIVIDUALLY AND NEXT FRIEND OF A W (MINOR) AND A W (MINOR))

In the 281st

vs.

Judicial District Court of

DEFENDANT: CARBONELL, ALAIN

Harris County, Texas

## OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. On the _____ day of _____, 20_____.
Executed at

(Address)_____
_____ in _____ County at o'clock ___. M. On the _____ day of
_____, 20 _____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the _____. Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____,
20___.

Fees $_____

_____                By_____
        Affiant                                        Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___.

_____
Notary Public

9/2/2021 5:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56930392
By: Adiliani Solis
Filed: 9/2/2021 5:01 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LAKEISHA WASHINGTON, INDIVIDUALLY AND NEXT FRIEND OF A.W, MINOR AND A.W, MINOR. Plaintiffs, | § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| V. | | _____ JUDICIAL DISRICT |
| ALAIN CARBONELL, ALFIE RODRIQUEZ, HUSKY LOGISTICS, INC. AND DRM AUTO TRANSPORT INC. Defendants. | | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LAKEISHA WASHINGTON, INDIVIDUALLY AND NEXT FRIEND OF A.W., MINOR AND A.W., MINOR, hereinafter called Plaintiffs, complaining of and about ALAIN CARBONELL, ALFIE RODRIQUEZ, HUSKY LOGISTICS, INC., AND DRM AUTO TRANSPORT, INC., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, **Lakeisha Washington**, is an Individual whose is a resident of Harris County, Texas.

3. The last four numbers of **LAKEISHA WASHINGTON**, social security number are 2015.

4. Plaintiff, **A.W., A MINOR**, is an Individual who resides in Harris County, Texas. The last three numbers of **A.W., a minor** social security number are 272.

5. Plaintiff, **A.W., A MINOR**, is an Individual who resides in Harris County, Texas. The last three numbers of **A.W., a minor** social security number are 313.

6. Defendant **ALAIN CARBONELL**, is an individual who is a resident of Florida, may be served with process at his home at the following address: **878 W 79th ST, HIALEAH, FL 33014,** or wherever he may be found. Service of said Defendant as described above can be effected by personal delivery.

7. Defendant **ALFIE RODRIGUEZ**, is an individual who is a resident of Florida, may be served with process at his home at the following address: **2333 TOWNSQUARE DR., JACKSONVILLE, FL 32216,** or wherever he may be found. Service of said Defendant as described above can effected by personal delivery.

8. Defendant **HUSKY LOGISTICS INC.** is a Florida corporation licensed to do business in the State of Texas, and with its principal place of business in Duval County, Florida, and can be served with process through its registered agent **LEMAIS LOPEZ, SR., 2534 BREMEN CT., JACKSONVILLE, FL 32216.** Service of said Defendant as described above can be effected by personal delivery or certified mail.

9. Defendant **DRM AUTO TRANSPORT INC.**, is a Florida corporation licensed to do business in the State of Texas, and with its principal place of business in Miami-Dade County, Florida, and can be served with process through its registered agent **DAVID A RAMOS ROGRIGUEZ, 3771 SW 136 CT., MIAMI, FL 33175.** Service of said Defendant as described above can be effected by personal delivery or certified mail.

"PLEASE ISSUE CITATIONS AND EMAIL TO GMLIT@GMFIRM.COM"

## JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limits of this court.

8. Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

9. This court has jurisdiction over the parties because Plaintiff is a Texas resident.

10. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

10. On October 31, 2019 at approximately 2:50 p.m., Lakeisha Washington was traveling Southbound in the 10 block of South Crosby Lynchburg Road in Highlands, Harris County, Texas when the Defendant, **ALAIN CARBONELL**, cut the corner too close while making a left turn and struck Plaintiff's vehicle.

11. As a result of the incident described herein, Plaintiff suffered serious injuries that required medical treatment. The treatment sought by Plaintiff was reasonable and necessary for the injuries he sustained.

## RESPONDEAT SUPERIOR

12. Whenever in this Petition it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendants, and in

furtherance of Defendants' business. Pursuant to Texas Rules of Civil Procedure 28, any entity doing business under an assumed name may be sued in its assumed name for the purpose of enforcing against it a substantive right.

## NEGLIGENCE PER SE

13. Defendants, collectively, individually, and/or through its agents or employees, violated safety rules and regulations that are intended to protect against the harm that resulted and to protect the Plaintiff and class of persons to which she belongs.

14. Defendants violated, among other safety rules, sections 542.206, 545.062 and 545.351 of the Texas Transportation Code, Rules 390.11, 391.11, 391.13, 392.6 of the Federal Motor Carrier Safety Regulations, and other safety standards and regulations designed to protect against the type of harm that resulted from Defendants' negligent and grossly negligent operation of the vehicle involved in the incident in questions.

   a. These regulations provide minimum standards and do not allow for judgment or discretion in whether or how to comply with the regulations. The safety standards were intended to protect members of the public, including the Plaintiff Mrs. Marivel Harris. Defendants' violation of these safety rules, regulations, and industry safety standards constitutes *negligence per se*.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST ALAIN CARBONELL

15. Plaintiff would show that Defendant **ALAIN CARBONELL** was the driver of a 2005 White Freightliner TT (Florida Plates JA70DB) operated for profit. Further, Plaintiff would show this Court that the negligent acts and omissions of the Defendant **ALAIN CARBONELL** and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per se*.

a. Defendant's violation of §545.351 of the Texas Transportation Code, as well as other sections of the Texas Transportation Code and the Federal Motor Carrier Safety Regulations constitutes negligence per se. These rules were designed for the protection of a class of persons including Plaintiff. Defendant's violations of these rules and statutes created a risk of injury to Plaintiff which the standards were designed to protect against. Such negligence was a proximate cause of the injuries and damages suffered by the Plaintiff;

b. The negligent, careless and reckless disregard of the duty owed by Defendant, **ALAIN CARBONELL**, also consisted of, but is not limited to, the following acts and omissions:

   a) failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
   b) failing to yield as a person of prudent care would have done;
   c) operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;
   d) failing to apply the brakes to his motor vehicle in a timely and prudent manner;
   e) failing to control his speed and driving at an unsafe speed in violation of §545.351 of the Texas Transportation Code;
   f) failing to take reasonable care in controlling his vehicle;
   g) operating his vehicle without due regard for the rights of others;
   h) driver inattention;
   i) failure to control his vehicle;
   j) violating §545.351 of the Texas Transportation Code;
   k) failing to comply with the Federal Motor Carrier Safety Regulations; and
   l) such additional acts of negligence, which will be established as the case progresses.

### PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT ALFIE RODRIGUEZ

16. Plaintiff incorporates paragraphs 1-12 above. Defendant **ALFIE RODRIGUEZ** negligently entrusted a vehicle, owned by Defendant to an incompetent and reckless driver, **ALAIN CARBONELL**. Defendant **ALFIE RODRIGUEZ** knew or should have known through the exercise of reasonable care that Defendant **ALAIN CARBONELL** was a reckless and incompetent driver. Defendant **ALAIN CARBONELL** was reckless and negligent in the collision and her recklessness and negligence was a proximate cause of Plaintiff's injuries and damages.

## PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT DRM AUTO TRANSPORT INC.

17. Plaintiff incorporates paragraphs 1-12 above. Defendant **DRM AUTO TRANSPORT INC.** negligently entrusted a vehicle, owned by Defendant to an incompetent and reckless driver, **ALAIN CARBONELL**. Defendant **DRM AUTO TRANSPORT INC.** knew or should have known through the exercise of reasonable care that Defendant **ALAIN CARBONELL** was a reckless and incompetent driver. Defendant **ALAIN CARBONELL** was reckless and negligent in the collision and her recklessness and negligence was a proximate cause of Plaintiff's injuries and damages.

## PLAINTIFF'S CAUSE OF ACTION AGAINST HUSKY LOGISTICS, INC.

18. The negligent acts and omissions of Defendant **HUSKY LOGISTICS, INC.** and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per se*. More specifically, Defendants violated §545.351 of the Texas Transportation Code, among others, as well as sections of the Federal Motor Carrier Safety Regulations.

    a.    Defendants' violations of these rules and statutes created a risk of injury to Plaintiff which the standards were designed to protect against. Such negligence was a proximate cause of the injuries and damages suffered by the Plaintiffs;

    b.    Defendants' negligent acts and omissions also include, among others, the following:

        i.    At the time and on the occasion in question, Defendant **ALAIN CARBONELL** was in the course and scope of his employment with Defendant **HUSKY LOGISTICS, INC.** by virtue of the theory of respondeat superior, Defendant **HUSKY LOGISTICS, INC.** is liable for all acts and omissions of negligence of its agent, employee, or representative, Defendant **ALAIN CARBONELL**;

        ii.    entrusting the vehicle to Defendant **ALAIN CARBONELL** when

        Defendant **HUSKY LOGISTICS, INC.**. knew or should have known that Defendant **ALAIN CARBONELL** was an incompetent driver, unqualified to drive a commercial motor vehicle, inadequately trained, and/or reckless;

   iii.    failing to properly train Defendant **ALAIN CARBONELL** in the operation of the vehicle in question;

   iv.    hiring and entrusting incompetent drivers, including **ALAIN CARBONELL**, with the right to operate a commercial motor vehicle;

   v.    failing to do what a reasonably prudent motor carrier would do under the same and similar circumstance;

   vi.    failing to comply with the Texas Transportation Code and the Federal Motor Carrier Safety Regulations; and

   vii.    such other acts of negligence, which will be established as the case progresses.

  c.    Defendant's conduct was conducted with reckless disregard of the safety of others, including Plaintiff, and conscious indifference to the rights, welfare and safety of those persons affected by it, including Plaintiff.

## GROSS NEGLIGENCE

19.    Plaintiff respectfully shows this court and jury that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendant, **ALAIN CARBONELL**, acting by and through his/her employees, agents, drivers, officers, and representatives in the course of employment for said Defendant, **HUSKY LOGISTICS. INC.**

20.    Plaintiff would further show, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

21.    Additionally, **HUSKY LOGISTICS, INC.** is grossly negligent as a result of recklessly hiring and entrusting a commercial motor vehicle to **ALAIN CARBONELL**, who was unqualified, through training and/or experience, to operate a commercial motor vehicle.

The reckless hiring of and entrusting a commercial motor vehicle to **ALAIN CARBONELL**, who was unfit to operate a commercial motor vehicle, proximately caused Plaintiff's damages.

22. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

### DAMAGES FOR PLAINTIFF LAKEISHA WASHINGTON

23. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff **Lakeisha Washington** has suffered severe injuries and incurred the following damages:

   i. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Lakeisha Washington, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;
   ii. Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;
   iii. Physical pain and suffering in the past;
   iv. Physical pain and suffering that will, in all reasonable probability, be suffered in the future;
   v. Physical impairment in the past;
   vi. Physical impairment which, in all reasonable probability, will be suffered in the future;
   vii. Mental anguish in the past;
   viii. Mental anguish which, in all reasonable probability, will be suffered in the future;
   ix. Loss of earnings and/or earning capacity in the past;
   x. Loss of earning capacity, which, in all probability, will be incurred in the future;
   xi. Disfigurement in the past and future; and
   xii. Cost of medical monitoring and prevention in the future.

### DAMAGES FOR PLAINTIFF A.W., MINOR

24. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff **A.W. Minor** has suffered severe injuries and incurred the following damages:

   i. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, A.W., Minor, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;
   ii. Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;
   iii. Physical pain and suffering in the past;

iv. Physical pain and suffering that will, in all reasonable probability, be suffered in the future;
v. Physical impairment in the past;
vi. Physical impairment which, in all reasonable probability, will be suffered in the future;
vii. Mental anguish in the past;
viii. Mental anguish which, in all reasonable probability, will be suffered in the future;
ix. Loss of earnings and/or earning capacity in the past;
x. Loss of earning capacity, which, in all probability, will be incurred in the future;
xi. Disfigurement in the past and future; and
xii. Cost of medical monitoring and prevention in the future.

### DAMAGES FOR PLAINTIFF A.W. MINOR

25. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff A.W. Minor has suffered severe injuries and incurred the following damages:

i. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, A.W., Minor, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;
ii. Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;
iii. Physical pain and suffering in the past;
iv. Physical pain and suffering that will, in all reasonable probability, be suffered in the future;
v. Physical impairment in the past;
vi. Physical impairment which, in all reasonable probability, will be suffered in the future;
vii. Mental anguish in the past;
viii. Mental anguish which, in all reasonable probability, will be suffered in the future;
ix. Loss of earnings and/or earning capacity in the past;
x. Loss of earning capacity, which, in all probability, will be incurred in the future;
xi. Disfigurement in the past and future; and
xii. Cost of medical monitoring and prevention in the future.

### RULE 193.7 NOTICE

26. Pursuant to rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give notice that any and all documents produced by either Plaintiffs or Defendant may be used at any pretrial proceeding or at a trial of this matter.

## JURY DEMAND

27. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, demand trial by jury, and pursuant to Tex. Gov't Code Ann. §51.604, Plaintiffs hereby make demand and application for jury trial.

## DESIGNATED E-SERVICE EMAIL ADDRES

28. The following is the undersigned attorney's designation of e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: GMLIT@gmfirm.com. This is the undersigned's ONLY e-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Marivel Harris, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**GODSEY ♦ MARTIN, P.C.**

By: /s/ David M. Patin Jr.
David M. Patin, Jr.
Texas Bar No. 24076611
15000 Surveyor Blvd.

Addison, Texas 75001
Tel. 972-918-3772, Team #13
Fax. (972) 301-2444
Attorney Email: dpatin@gmfirm.com
Service Email: GMLIT@gmfirm.com
**ATTORNEY FOR PLAINTIFFS**